1
2
3

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TAMARA DARVAL,

                Plaintiff,

   v.

TIG INSURANCE COMPANY,

                Defendants.

Case No. 3:22-cv-5100-DGE-TLF

ORDER DENYING PLAINTIFFS'
MOTION TO COMPEL (DKT. 34)

This matter comes before the Court on Plaintiffs' motion to compel. Dkt. 34. Plaintiffs ask the Court to compel Defendant to provide supplemental answers to their first discovery requests. After careful consideration of the parties' submissions and argument before the Court on June 13, 2023, the Court finds that the Plaintiffs' motion should be denied because they did not include a certification that they met and conferred with counsel for Defendants before filing this motion.

While a party may apply to the court for an order compelling discovery, Fed. R. Civ. P. 37 and Local Civil Rule ("LCR") 37(a)(1) require the movant to first meet and confer with the party failing to make disclosure or discovery in an effort to resolve the dispute without court action. In addition, when filing a motion to compel, the movant must include a certification, in the motion or in a declaration or affidavit, that the movant has in good faith conferred or attempted to confer with party failing to make disclosure or discovery in an effort to resolve the dispute without court action. The certification

must list the date, manner, and participants to the conference. If the movant fails to include such a certification, the court may deny the motion without addressing the merits of the dispute. *See* LCR 37(a)(1).

Plaintiffs failed to meet these requirements under the local court rule by not speaking with Defendant's counsel by telephone or providing a certification of compliance with this rule. Plaintiff stated during oral argument that a meet and confer did in fact occur, but a certification stating such was not filed with the court.

Thus, the Court denies Plaintiffs' motion to compel. The Court anticipates that the parties will confer in a good faith attempt to resolve this issue without further Court intervention.

Further, as the Court ordered during oral argument, the current dispositive motion deadline as indicated in the pretrial scheduling order (Dkt. 18) is stricken. The parties are to submit a joint status report by July 21, 2023, with their progress on resolving their discovery dispute and an agreed-upon deadline to file dispositive motions.

While the Court anticipates that the parties will confer in a good faith attempt to resolve this issue without further Court intervention, the Court makes note of a few observations made in reviewing the parties' discovery exchange.

Having reviewed Defendant's objections to Plaintiff's discovery requests, the Court finds that some of Defendant's objections are overly broad and fail to adequately explain the reasons for objecting to these requests for production. *See* Dkt. 35 at Exhibit 5. Defendant objects to many of Plaintiffs' discovery requests on the grounds that the "information sought is not relevant to the claims or defenses or proportional to the needs

1   of the case," "it is overly broad and unduly burdensome," "it seeks information protected

2   by attorney-client and work product privileges", or "the request is unintelligible and

3   unanswerable." *Id.*

4        Defendant should take caution and avoid using boilerplate objections. *See* Fed.

5   R. Civ. P. 34(b)(2)(B); BNSF Ry. Co., 408 F.3d at 1149 (9th Cir. 2005) (holding that

6   "boilerplate objections or blanket refusals . . . [in] response to a Rule 34 requests for

7   production of documents are insufficient to assert a privilege."); *see also Gibson v.*

8   *SDCC*, No. 13-cv-01379-RFB-PAL, 2016 WL 845308 at *6 (D. Nev. March 2, 2016)

9   (discussing that boilerplate objections are insufficient to establish that a particular

10  discovery request is outside the scope of discovery).

11

12  Dated this 29th day of June, 2023.

13

14

15                          *Theresa L. Fricke*

16                          Theresa L. Fricke
                            United States Magistrate Judge

17

18

19

20

21

22

23

24

25

ORDER DENYING PLAINTIFFS' MOTION TO COMPEL
(DKT. 34) - 3