UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TAMARA DARVAL, et al.,

     Plaintiffs,

 v.

TIG INSURANCE COMPANY, et al.,

     Defendants.

Case No. 3:22-cv-5100-DGE-TLF

REPORT AND RECOMMENDATION (DKT. 59)

NOTED FOR MARCH 29, 2024

This matter comes before the Court on Defendant United Specialty Insurance Company's ("USIC") motion for summary judgment. Dkt. 59. Plaintiffs did not file a response to Defendant's motion[1]. This case was referred to the undersigned for all matters pretrial through dispositive motions. *Mathews, Sec'y of H.E.W. v. Weber*, 423 U.S. 261 (1976); 28 U.S.C. § 636(b)(1)(B); Local Rule MJR 4(a). The Court has carefully considered USIC's motion, its supporting declaration and exhibits, and the balance of relevant materials in the case file. For the reasons explained below, the undersigned finds that the Court should GRANT USIC's motion for summary judgment and DISMISS Plaintiffs' claims against USIC with prejudice.

---

[1] USIC's motion was originally filed on September 12, 2023. USIC, on its own, filed a notice re-noting its motion for summary judgment to November 10, 2023. Dkt. 70. The Court re-noted USIC's motion for the final time to January 25, 2024, in its order to submit a proposed scheduling order for the remaining pretrial matters. Dkt. 79.

REPORT AND RECOMMENDATION (DKT. 59) - 1

FACTUAL ALLEGATIONS

This case is an insurance coverage dispute arising out of construction litigation. *See* Dkt. 60 (Declaration of Jennifer Crow) at Exhibit 1 (Plaintiffs' Amended Complaint, Kitsap County Case No. 17-2-1073-3). Plaintiffs are owners of six separate homes in Bremerton, Washington, located in the Sylvan Way housing development ("the homeowners"). *Id.* at 1-2.

In the underlying construction litigation, the homeowners state their homes, which were allegedly constructed by Highmark Homes, LLC ("Highmark"), have construction defects. *Id.* As a result of those defects, the homeowners brought the underlying action against Highmark. *Id.*

Highmark, in turn, brought a third-party complaint against project subcontractors, including Erik Construction, claiming the work performed by the subcontractors was implicated by the homeowners' allegations. *See* Dkt. 60 at Exhibit 2. Plaintiffs took assignments from Highmark and Erik Construction as part of a settlement negotiation in the underlying litigation. Dkt. 1-1 (Complaint). In the present case, Plaintiffs bring their claims as assignees of Highmark and Erik Construction. *Id.*

USIC issued an insurance policy to Erik Construction for a policy period of March 4, 2014 to March 4, 2015. *See* Dkt. 60 at Exhibit 3 (the Policy). The Policy contained the following relevant provisions:

> USIC Policy – Exclusions The USIC Policy contains the following exclusions:
> ee. Designated Work Exclusion
>
> This insurance does not apply to "bodily injury" or "property damage" or "personal injury" arising out of "your work" or "your product" incorporated into or upon any one or more of the following:
>
>> (2) Any new construction involving multiple residential units, whether or not connected by any common walls.

The USIC Policy is also subject to Endorsement USIC-CMGIA-0430, which states:

> This endorsement changes the policy. Please read it carefully.
>
> Paragraph ee (2) of 2. Exclusions - Coverages A and B is amended to read as follows:
> (2) Any new construction involving multiple units of residential construction in excess of 5 dwellings per development, whether or not connected by any common walls.
>
> All other terms and conditions of paragraph ee of 2. Exclusions – Coverages A and B and of the policy remain unchanged.

*See* Dkt. 60 at Exhibit 3, pp. 20, 3. In the instant case, Plaintiffs claim that USIC insured Erik Construction, a subcontractor. Dkt. 1-1 at ¶4.48. Plaintiffs further claim Highmark required all of its subcontractors to have a master contract with Highmark which included a requirement to name Highmark as an additional insured. *Id.* at ¶¶4.39-4.40.

Plaintiffs allege when Highmark tendered their claims to USIC and sought additional insured status from USIC from Highmark, the tender was denied. *Id.* at ¶¶4.107-4.110.

The Policy's Blanket Additional Insured endorsement states the following:

BLANKET ADDITIONAL INSURED

> A. Section II – Who is an insured is amended to include as an additional insured any person or organization that the "Named Insured" has agreed in a written "insured contract" to name as an additional insured with respect to the general liability coverage provided under this policy. Such person or organization is an additional insured provided the "bodily injury" or "property damage" occurs subsequent to the execution of the written "insured contract." Such person or organization is an additional insured only with respect to liability for the "bodily injury" or "property damage" which is caused in whole by the negligence of the "Named Insured" during the policy term in the course of ongoing operations by the "Named Insured" for the additional insured. A person's or organization's status as an additional insured

under this endorsement ends when the "Named Insured's work or operations for that additional insured are substantially completed or this insurance policy expires, whichever is earliest.

The applicable limit of insurance provided under this insurance policy shall not be increased by the inclusion of any number of additional insureds.
The coverage provided for the additional insured is only to the extent the additional insured is held legally liable for the negligence or strict liability of the "Named Insured". No coverage is provided for liability based upon the acts, errors or omissions of the additional insured.
With respect to the insurance afforded to these additional insureds, the following additional exclusions apply:

This insurance does not apply to:

1. "Bodily injury" or "property damage" occurring after all work by the "Named Insured" including materials, parts, or equipment furnished in connection with such work, (other than service, maintenance or repair) at the site location of the covered operations has been substantially completed.

2. That portion of "your work," out of which the "Bodily Injury" or "Property Damage" arises, that has either been put to its intended use by any person or organization, or is used by another contractor or subcontractor engaged in performing work on the project.

Plaintiffs, in the instant case, bring claims for breach of contract, breach of the duty of good faith, bad faith and estoppel against USIC. Plaintiffs also bring breach of contract, breach of good faith, bad faith, and estoppel claims against USIC via the Highmark assignment.

## DISCUSSION

**A. Summary Judgment Standard**

Summary judgment is proper when the pleadings, discovery and affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Federal Rule of Civil Procedure (Fed. R. Civ. P.) 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Material facts are those

which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is "genuine" if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party. *Id.*

When applying these standards, the Court must draw all reasonable inferences in favor of the non-moving party. *United States v. Johnson Controls, Inc.*, 457 F.3d 1009, 1013 (9th Cir. 2006). The moving party can carry its initial burden by producing affirmative evidence that negates an essential element of the nonmovant's case, or by establishing that the nonmovant lacks the quantum of evidence needed to satisfy his burden of persuasion at trial. *Block v. City of Los Angeles*, 253 F.3d 410, 416 (9th Cir. 2001).

Once this has occurred, the procedural burden shifts to the party opposing summary judgment. That party must go beyond the pleadings and affirmatively establish a genuine issue on the merits of their case. Fed.R.Civ.P. 56(e). The nonmoving party must do more than simply deny the veracity of everything offered or show a mere "metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The existence of a scintilla of evidence is likewise insufficient to create a genuine factual dispute. *Anderson*, 477 U.S. at 252. The nonmoving party must demonstrate that the disputed fact is material, and that the dispute is genuine. *Id.* at 248-49.

The nonmoving party's failure of proof "renders all other facts immaterial," creating no genuine issue of fact and thereby entitling the moving party to the summary judgment it sought. *Celotex Corp.*, 477 U.S. at 323. However, if there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may

reasonably be resolved in favor of either party," then summary judgment may not be granted. *Anderson*, 477 U.S. at 250.

Under the Erie Doctrine, a federal court considering a diversity jurisdiction case will apply federal procedural law, and the substantive state law of the forum state. *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938); *Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003). If the Court considers an issue of state law that has not yet been addressed by the appellate courts of the state, the Court predicts how the state supreme court "would probably rule in a similar case." *King v. Order of United Commercial Travelers*, 333 U.S. 153, 161 (1948).

### B. Insurance Policy Interpretation

The court construes an insurance policy as a contract, and the interpretation of that contract is a question of law. *State Farm Gen. Ins. Co. v. Emerson*, 687 P.2d 1139, 1141-42 (Wash. 1984). Policies must be construed as a whole and the terms within "given a 'fair, reasonable, and sensible construction as would be given to the contract by the average person purchasing insurance.' " *Weyerhaeuser Co. v. Commercial Union Ins. Co.*, 15 P.3d 115, 122 (Wash. 2000) (quoting *Am. Nat'l Fire Ins. Co. v. BL Trucking Constr. Co.*, 951 P.2d 250 (Wash. 1998)). The court is bound by definitions provided in the policy. *Austl. Unlimited, Inc. v. Hartford Cas. Ins. Co.*, 198 P.3d 514, 517 (Wash. Ct. App. 2008) (citing *Overton v. Consol. Ins. Co.*, 38 P.3d 322, 326 (Wash. 2002)).

Undefined terms in a policy are interpreted by courts based on their ordinary meaning or common law definitions. *Boeing Co. v. Aetna Cas. & Sur. Co.*, 784 P.2d 507, 511 (Wash. 1990) (stating that courts may look to the dictionary to determine the

common meaning of an undefined term); see also *Detweiler v. J.C. Penny Cas. Ins. Co.*, 751 P.2d 282, 284-85 (Wash. 1988) ("Where, as here, the word 'accident' is not otherwise defined in a policy, we look to our common law for definition."). Where the language is clear, the court must enforce the policy as written and may not create ambiguity where none exists. *Quadrant Corp. v. Am. States Ins. Co.*, 110 P.3d 733, 737 (Wash. 2005). A clause is ambiguous only if it is susceptible to two or more reasonable interpretations. *Id.* Any ambiguity is resolved in favor of the insured. *Id.*

The insured has the initial burden to show the insurance policy covers its loss. *Overton*, 38 P.3d at 329 (citing *McDonald v. State Farm Fire & Cas. Co.*, 837 P.2d 1000, 1003-04 (Wash. 1992)). Thereafter, to avoid coverage, the insurer must prove that specific policy language excludes the insured's loss. *Id.* However, exclusionary clauses "are to be most strictly construed against the insurer." *Am. Best Food, Inc. v. Alea London, Ltd.*, 229 P.3d 693, 697 (Wash. 2010) (quoting *Phil Schroeder, Inc. v. Royal Globe Ins. Co.*, 659 P.2d 509 (Wash. 1983)).

**C. Plaintiffs' Breach of Contract Claims**

Plaintiffs, here, allege that USIC breached the policies sold to Erik Construction by: (1) failing to fully defend Erik Construction and Highmark and (2) failing to indemnify Erik Construction and Highmark.

1. <u>The Policy's Designated Work Exclusion</u>

USIC argues that Plaintiffs' claims for breach of contract fail because none of Plaintiffs' claims in the underlying litigation obligated USIC to indemnify or defend Erik Construction. This is so because of the Policy's exclusion that precludes coverage for work on "[a]ny new construction involving multiple units of residential construction

excess of 5 dwellings per development, whether or not connected by any common walls." Plaintiffs state (in the underlying litigation) that they were the owners of *six* separate homes within the development. Dkt. 60 (Declaration of Jennifer Crow) at Exhibit 1 (Plaintiffs' Amended Complaint, Kitsap County Case No. 17-2-1073-3), at 1-2.

Washington courts strictly construe exclusionary clauses against insurers. *Hill & Stout*, 515 P.3d 525, 535 (Wash. 2022). But "a strict application should not trump the plain, clear language of an exclusion such that a strained or forced construction results.... [I]n Washington the expectations of the insured cannot override the plain language of the contract." *Kut Suen Lui v. Essex Ins. Co.*, 375 P.3d 596, 600 (Wash. 2016) (quoting *Quadrant Corp. v. Am. States Ins. Co.*, 110 P.3d 733 (2005)).

Based on the plain language, the Designated Work Exclusion applies. Plaintiffs have not provided evidence to demonstrate that there were less than six homes at issue in the instant matter.

2. USIC's Duty to Indemnify Erik Construction

The insurer's duty to indemnify the insured is narrower than its duty to defend; it "hinges on the insured's *actual liability* to the claimant and *actual coverage* under the policy." *Woo v. Fireman's Fund Ins. Co.*, 164 P.3d 454, 459 (Wash. 2007) (citing *Hayden v. Mut. of Enumclaw Ins. Co.*, 1 P.3d 1167, 1171 (Wash. 2000)) (emphasis in original).

In this case, because the application of the Designated Work Exclusion precludes the Policy's coverage of Erik Construction, USIC did not breach its policies in declining to indemnify Erik Construction. *See Robbins v. Mason Cnty. Title Ins. Co.*, 462 P.3d

NOTED FOR MARCH 29, 2024 - 8

430, 626-27 ( Wash. 2020) ("An insurance company has the duty to indemnify if the insurance policy *actually* covers the insured.") (emphasis in the original).

Thus, the Court should find that USIC does not have a duty to indemnify Erik Construction.

### 3. USIC's Duty to Defend Erik Construction

An insurer has a duty to defend "when a complaint against the insured, construed liberally, alleges facts which could, if proven, impose liability upon the insured within the policy's coverage." *Woo v. Fireman's Fund Ins. Co.*, 164 P.3d 454, 459 (Wash. 2007) (quoting *Truck Ins. Exch. v. VanPort Homes, Inc.*, 58 P.3d 276, 281-82 (Wash. 2002)). An insurer's duty to defend is based on "the *potential for liability*," and is triggered if the policy "*conceivably covers* the allegations in the complaint." *Id.* (emphases in original) (internal citations omitted).

In Washington, an insurer's "duty to defend generally is determined from the 'eight corners' of the insurance contract and the underlying complaint." *Expedia, Inc. v. Steadfast Ins. Co.*, 329 P.3d 59, 64 (Wash. 2014)). If the allegations in the complaint are contradictory or ambiguous, or if coverage is unclear, the insurer may rely on extrinsic facts. *Truck Ins. Exch.*, 58 P.2d at 282. However, the insurer may not rely on extrinsic facts "to deny the duty to defend—it must do so only to trigger the duty." *Woo*, 164 P.3d at 459.

USIC argues that the application of the Designated Work Exclusion relieved it of its duty to defend Erik Construction. To trigger the exclusion and lead the Court to find no duty to defend existed from the outset, the complaint must identify "a new construction involving multiple units of residential construction in excess of 5 dwellings per

development, whether or not connected by any common walls." The underlying litigation complaint does suggest that there are more than five houses built in a new development. The Plaintiffs' claim is "clearly not covered by the policy," and therefore, the Court should find that USIC has no duty to defend Erik Construction.

### 4. USIC's Duty to Indemnify and Defend Highmark

Highmark sought defense and indemnity from USIC as an additional insured via a master subcontract with Erik Construction. Pursuant to the Blanket Additional Insured endorsement, Highmark's status as an additional insured would have extended to liability for "property damage" caused in whole or in part by the negligence of the "Named Insured," i.e., Erik Construction. Because "property damage" arising out of Erik Construction's work and product is excluded from coverage in instances where a new construction involving five or more dwellings per development is involved *and* the coverage provided by the USIC policy is confined to its terms and is not expanded for purported additional insured Highmark, USIC does not owe a duty to defend or duty to indemnify Highmark. Thus, USIC's motion for summary judgment on Plaintiffs' claims that USIC owed a duty to defend and indemnify Highmark as an additional insured should be GRANTED.

**D. Plaintiffs' Extracontractual Claims**

### 1. Plaintiffs' Bad Faith Claim

An insured may maintain a cause of action for bad faith investigation against an insurer regardless of whether the policy provides coverage for the loss. *Coventry Associates v. Am. States Ins. Co.*, 961 P.2d 933, 937 (Wash. 1998). An insurer has a duty of good faith to its policyholder and violation of that duty may give rise to a tort

action for bad faith. *Truck Ins. Exch. v. VanPort Homes, Inc.*, 58 P.3d 276, 281-82 (Wash. 2002). Claims by insureds against their insurers for bad faith are analyzed applying the same principles as any other tort: duty, breach of that duty, and damages proximately caused by any breach of duty. *See Safeco Ins. Co. v. Butler*, 823 P.2d 499, 503 (Wash. 1992).

To establish bad faith conduct by an insurer, the plaintiff must show the insurer had "no reasonable justification" for its evaluation of their claim. *Starczewski v. Unigard Ins. Grp.*, 61 Wash. App. 267, 273 (1991). "The insured may present evidence that the insurer's allegedly reasonable basis was not the actual basis for its action, or that other factors outweighed the alleged reasonable basis." *Smith v. Safeco Ins. Co.*, 78 P.3d 1274, 1278 (Wash. 2003) (en banc). The policyholder must show the insurer's breach of the insurance contract was unreasonable, frivolous, or unfounded. *Overton v. Consol. Ins. Co.*, 38 P.3d 322, 329 (Wash. 2002).

The Plaintiffs, in this case, have not shown that USIC had "no reasonable justification" for its evaluation of Erik Construction or Highmark's claim. Plaintiffs' complaint alleges only that USIC "sold the contractors" insurance policies, thereby agreeing to (1) defend, investigate, communicate, settle claims; and (2) defend Erik and Highmark if "property damage" occurred and a lawsuit was filed. Dkt. 1-1 at ¶6.14, ¶7.14. Plaintiffs allege that because "USIC failed in all regards," it committed bad faith. *Id.* at ¶6.15-6.16.

Plaintiffs provided no evidence, however, to show that USIC did not have a reasonable basis for finding that Erik Construction or Highmark's claim was not covered by the Policy.

Therefore, USIC's motion for summary judgment on Plaintiffs' bad faith claim should be GRANTED.

### 2. Plaintiffs' Coverage by Estoppel Claim

Plaintiffs further allege that USIC should be estopped from "denying or limiting coverage" to Highmark and Erik Construction because USIC breached its duty to defend.

"If an insured prevails on a bad faith claim, the insurer is estopped from denying coverage." *Aecon Bldgs., Inc. v. Zurich N. Am.*, 572 F. Supp. 2d 1227, 1234 (W.D. Wash. 2008). The "coverage by estoppel" remedy creates "a strong incentive for the insurer to act in good faith, and [to] protect[ ] the insured against the insurer's bad faith conduct." *Kirk v. Mt. Airy Ins. Co.*, 951 P.2d 1124,1128 (Wash. 1998). But "in the absence of bad faith, coverage by estoppel does not apply." *United Servs. Auto. Ass'n v. Speed*, 179 Wash. App.184, 203 (Wash. 2014). Because the Court should find that USIC did not act in bad faith, it should also find that USIC should not be estopped from denying coverage. USIC's motion for summary judgment on Plaintiffs' estoppel claim should be GRANTED.

### 3. Plaintiff's Duty of Good Faith and Fair Dealing Claim

Finally, Plaintiffs claim USIC agreed to act in good faith in all regards relating to the insurance it sold Erik Construction. Plaintiffs allege that USIC failed to act in good faith and put its financial interests ahead of Erik Construction (as the named insured) and Highmark (as the additional insured) while doing so.

Under Washington law, there is no "free-floating" duty of good faith and fair dealing, unattached to an existing contract; rather, it exists only in relation to

performance of a specific contract term. *Keystone Land & Dev. Co. v. Xerox Corp.*, 94 P.3d 945, 949 (Wash. 2004). "There is in every contract an implied duty of good faith and fair dealing that obligates the parties to cooperate with each other so that each may obtain the full benefit of performance." *Rekhter v. State, Dep't of Soc. & Health Servs.*, 323 P.3d 1036,1041 (Wash. 2014). In the context of insurance contracts, the duty of good faith and fair dealing requires that an insurer exercise its discretion reasonably. *See Curtis v. N. Life Ins. Co.*, 147 Wash. App. 1030, *5 (2008).

The Court should find that Plaintiffs have not plausibly alleged that USIC violated its duty of good faith and fair dealing by alleging only that USIC should have defended and indemnified Erik Construction and Highmark. Plaintiffs have not asserted sufficient facts to state a plausible cause of action that USIC did not exercise its discretion reasonably. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007))

Therefore, USIC's motion for summary judgment on Plaintiffs' duty of good faith and fair dealing claim should be GRANTED.

## CONCLUSION

For the reasons stated herein, the Court recommends that USIC's motion for summary judgment should be GRANTED as to all claims.

The parties shall have **fourteen (14) days** from service of this Report and Recommendation to file written objections thereto. 28 U.S.C. § 636(b)(1); FRCP 6; FRCP 72(b). Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985).

Accommodating this time limitation, this matter shall be set for consideration on **March 29, 2024**, as noted in the caption.

Dated this 11th day of March, 2024.

*Theresa L. Fricke*
Theresa L. Fricke
United States Magistrate Judge